IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Raleigh Division

JASON TITSWORTH,

        Plaintiff

v.                                                            CIVIL NO.

EXPERIAN INFORMATION SOLUTIONS, INC.

and

TRANS UNION, LLC.

and

EQUIFAX INFORMATION SERVICES, LLC.

and

WELLS FARGO EDUCATIONAL FINANCIAL SERVICES
a subsidiary of WELLS FARGO BANK, NATIONAL ASSOCIATION

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, **JASON C. TITSWORTH**, by counsel, and for his complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq. Wells Fargo Educational Financial Services, a subsidiary of Wells Fargo Bank, National Association, is reporting a student loan on Plaintiff's credit report for which Plaintiff is not obligated.

2. The Plaintiff's injuries have been compounded by the actions of the national consumer reporting agencies, who unlawfully simply parrot the positions and reporting of their customer Wells Fargo Bank, National Association. The Plaintiff made a detailed dispute, which the

agencies then unremarkably ignored. This violated the FCRA.

## JURISDICTION

3. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1681(p). The Plaintiff resides in Wake County, North Carolina.

## PARTIES

4. The Plaintiff is a natural person and resident of the State of North Carolina. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

5. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of North Carolina through its registered agent office.

6. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **TRANS UNION, LLC**. ("*Trans Union*") is a corporation authorized to do business in the State of North Carolina.

9. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. Upon information and belief, *Trans Union* disburses such consumer reports to third

parties under contract for monetary compensation.

11. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of North Carolina.

12. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, **WELLS FARGO EDUCATIONAL FINANCIAL SERVICES, a subsidiary of WELLS FARGO BANK, NATIONAL ASSOCIATION** (collectively "*Wells Fargo*"), have acted and operated together and separately as a loan servicer of a student loan of which Plaintiff's father, CHARLES TITSWORTH, was the maker. Wells Fargo is also a "furnisher" as governed by the FCRA.

## FACTS

15. On or about June 3, 2002, the Plaintiff's father, CHARLES TITSWORTH, initiated an application for credit and executed a Promissory Note for a student loan to finance certain education expenses for the Plaintiff.

16. Prior to February 2011, Plaintiff obtained a copy of his credit reports with Equifax, Experian and Trans Union and learned that each were reporting the student loan account for which Plaintiff's father, CHARLES TITSWORTH, was responsible in Plaintiff's credit files with a derogatory status of "charge off."

17. On or about February 2011, Plaintiff disputed the inaccurate information concerning

3

the Wells Fargo student loan account with Equifax. He advised Equifax that he was not the person that initiated the application and executed the Promissory Note and account. (the "Wells Fargo Reporting").

18. The Wells Fargo Reporting was false. The Plaintiff never signed the application for credit and was never legally responsible for same.

19. On or about February 22, 2011 Equifax responded to Plaintiff's February 2011 dispute by acknowledging notice of same and by stating that Equifax had verified that the item belonged to Plaintiff.

20. On or about March 22, 2012, Plaintiff again disputed the inaccurate information concerning the Wells Fargo student loan with Equifax, Trans Union and Experian. He again advised each of the Defendants that he was not the person responsible for the student loans and was not a co-signer of the account as Wells Fargo had allegedly reported to the credit reporting agencies inasmuch as he did not open the account nor did he authorize anyone on his behalf to open the account or sign on his behalf as a maker of said loan.

21. On or about April 4, 2012 Experian responded to Plaintiff's March 22, 2012 dispute by acknowledging notice of same and that Experian had updated the information, however, there was no change in the account being reported with a status of "charge off", but merely updated the verification date.

22. On or about April 3, 2012, Trans Union responded to Plaintiff's March 22, 2012 dispute by acknowledging notice of same and that Trans Union was reporting "new information", however, there was no change in the account being reported with a status of "charge off", but merely updated the verification date, balance and past due amount.

23. Equifax failed to respond to Plaintiff's March 22, 2012 dispute.

24. On or about March 29, 2012, Plaintiff received correspondence from Defendant, Wells Fargo, stating that they had reviewed the disputed account and verified what they sent to the credit reporting agencies was accurate.

25. *Equifax, Experian and Trans Union* each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the derogatory account.

26. *Equifax, Experian and Trans Union* received Plaintiff's multiple disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, *Equifax, Experian and Trans Union* merely "parroted" the information dictated to each by *Wells Fargo*.

27. Upon information and belief, Plaintiff alleges that on one or more occasions *Equifax, Experian and Trans Union* forwarded Plaintiff's disputes to *Wells Fargo*. Upon information and belief, *Wells Fargo* was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(b)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

28. The Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

29. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff. Each reported inaccurately and with actual knowledge of falsity that the Plaintiff had filed bankruptcy.

30. As a result of the conduct, actions and inactions of **Equifax, Experian** and ***Trans***

*Union* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

31. ***Equifax, Experian*** and ***Trans Union***'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, ***Equifax, Experian*** and ***Trans Union*** were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from ***Equifax, Experian*** and ***Trans Union*** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(1)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

33. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

34. ***Equifax, Experian*** and ***Trans Union*** each violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

35. As a result of the conduct, actions and inactions of ***Equifax, Experian*** and ***Trans Union*** the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

36. ***Equifax, Experian*** and ***Trans Union***'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by

the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

37. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (EQUIFAX, EXPERIAN and TRANS UNION)

38. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

39. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) by failing to provide lawful notification of the Plaintiff's dispute to *Wells Fargo* and by failing to include all relevant information regarding the Plaintiff's disputes.

40. As a result of the conduct, actions and inactions of Defendants, *Equifax, Experian* and *Trans Union,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

41. *Equifax, Experian* and *Trans Union'*s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (EQUIFAX, EXPERIAN and TRANS UNION)

43. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

44. ***Equifax, Experian*** and ***Trans Union*** each violated 15 U.S.C. §1681i(a)(4) by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

45. As a result of the conduct, actions and inactions of ***Equifax, Experian*** and ***Trans Union***, the 5Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

46. ***Equifax, Experian*** and ***Trans Union'***s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, ***Equifax, Experian*** and ***Trans Union*** were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

47. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from ***Equifax, Experian*** and ***Trans Union*** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (EQUIFAX, EXPERIAN and TRANS UNION)

48. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

49. ***Equifax, Experian*** and ***Trans Union*** each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

50. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

51. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

52. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b)(1)(A)**
**(WELLS FARGO EDUCATION FINANCIAL SERVICES,**
**subsidiary of WELLS FARGO BANK, NATIONAL ASSOCIATION)**

53. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

54. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Wells Fargo* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *Wells Fargo* reportings.

55. As a result of this conduct, action and inaction of *Wells Fargo,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

56. *Wells Fargo's* conduct, actions and inactions were willful, rendering *Wells Fargo*

liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Wells Fargo* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

57. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Wells Fargo* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(B)**
**(WELLS FARGO EDUCATION FINANCIAL SERVICES,**
**subsidiary of WELLS FARGO BANK, NATIONAL ASSOCIATION)**

58. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

59. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Wells Fargo* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

60. As a result of this conduct, actions and inactions of *Wells Fargo* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

61. *Wells Fargo's* conduct, actions and inactions were willful, rendering *Wells Fargo* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Wells Fargo* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

62. The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorneys fees from *Wells Fargo* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (WELLS FARGO EDUCATION FINANCIAL SERVICES,
### subsidiary of WELLS FARGO BANK, NATIONAL ASSOCIATION)

63. Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

64. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Wells Fargo* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Wells Fargo* account within Plaintiff's credit file with Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

65. As a result of this conduct, actions and inactions of *Wells Fargo*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

66. *Wells Fargo's* conduct, actions and inactions were willful, rendering *Wells Fargo* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Wells Fargo* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

67. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Wells Fargo* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

**JASON C. TITSWORTH,**

_____/s/_ Leonard A. Bennett_____
Of Counsel

LEONARD A. BENNETT, Bar #21576
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 facsimile
E-mail: lenbennett@clalegal.com

GARY L. ABBOTT, Bar #33610
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
 (757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*